UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
NORTHERN DIVISION

| | |
|---|---|
| LEE ALLEN AASE,<br><br>Plaintiff,<br><br>v.<br><br>DETECTIVE MARTIN, et al.,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR APPOINTMENT OF EFFECTIVE COUNSEL (DOC. NO. 2)**<br><br>Case No. 1:26-cv-00172<br><br>Magistrate Judge Daphne A. Oberg |

Without the help of an attorney, Lee Aase brings claims against various defendants for violating his civil rights and engaging in a civil conspiracy. Mr. Aase now moves for appointment of counsel.[1] Because Mr. Aase does not justify the appointment of counsel, the motion is denied without prejudice.

[1] (Pl.'s Mot. for Appointment of Effective Counsel (Mot), Doc. No. 2.)

## ANALYSIS

While defendants in criminal cases have a constitutional right to representation by an attorney,[2] "[t]here is no constitutional right to appointed counsel in a civil case."[3] Appointment of counsel in civil cases is left to the court's discretion.[4] Indigent parties in civil cases may apply for the appointment of counsel under 28 U.S.C. § 1915(e)(1), which allows a court to "request an attorney to represent any person unable to afford counsel." The applicant has the burden to convince the court his/her/their claim has enough merit to warrant appointment of counsel.[5] When deciding whether to appoint counsel, the court considers a variety of factors, including "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present [the] claims, and the complexity of the legal issues raised by the claims."[6]

Mr. Aase's motion is brief. He says he lacks the financial resources to hire counsel "skilled in complex federal racketeering and civil rights litigation" to represent him in this case.[7] And it will be difficult to litigate the evidentiary issues and navigate a trial.[8] This is insufficient. Appointment of counsel is unjustified.

---

[2] *See* U.S. Const. amend. VI; Fed. R. Crim. P. 44.

[3] *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989).

[4] *Shabazz v. Askins*, 14 F.3d 533, 535 (10th Cir. 1994).

[5] *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985) (citation omitted).

[6] *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (internal quotation marks omitted).

[7] (Mot, Doc. No. 2 at 1.)

[8] (*Id.*)

First, Mr. Aase's statement that he cannot afford counsel "skilled" in his claims is insufficient to show he cannot afford counsel. But even if Mr. Aase had shown an inability to afford counsel, the relevant factors do not support appointment of counsel in this case. His request for counsel comes at a time when no defendants have been served, appeared, or contested his claims. Mr. Aase is correct that civil conspiracy and constitutional claims can be difficult to litigate and involve complex evidentiary issues. But without any active defendants, discovery, or dispositive motions, there are no evidentiary issues before the court. And he has not shown his claims are any more complex than those routinely litigated by pro se parties.

For these reasons, Mr. Aase has not shown appointment of counsel is justified in this case.

**CONCLUSION**

Mr. Aase's motion for appointment of counsel[9] is denied without prejudice.[10]

DATED this 7th day of October, 2026.

BY THE COURT:

Daphne A. Oberg
United States Magistrate Judge

[9] (Doc. No. 2.)

[10] Because the motion is denied without prejudice, Mr. Aase may file a new motion explaining why, under the factors outlined above, his case warrants the appointment of counsel.